UNITE ) STATES DISTRICT COURT
SOUT ERN DISTRICT OF NEW YORK
---------- --------------------------------------------------x

JO L GREENFELD;
   *Plaintiff,*

                                         Case No. **7:13-cv-01488-VB**

-v-

ZW CKER & ASSOCIATES, P.C.;
   *Defendant,*                          TRIAL BY JURY DEMANDED

---------- --------------------------------------------------x

## AM ENDED COMPLAINT FOR VIOLATIONS OF THE FCRA, FDCPA AND TCPA

## INTRODUCTION

COME NOW, Plaintiff, Joel Greenfeld, (hereinafter Plaintiff) hereby files this amended complaint,

individ ally against Defendant, ZWICKER & ASSOCIATES, P.C. (hereinafter Defendant) for

violatic s of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*; Fair Debt Collection

Practic Act (FDCPA) 15 U.S.C. § 1692 *et seq.*; Telephone Consumer Protection Act (TCPA) 47

U.S.C. 227 *et seq.* 47 C.F.R. § 64.1200(a)(2); as well for violations of the New York General

Busine Law § 349, Article 25 - § 380-b, Article 26 - § 399-p, for Invasion of Privacy and allege as

follow

## JURISDICTION AND VENUE

1. Jur diction of this Court arises under 15 U.S.C. § 1681p; 15 U.S.C. § 1692k(d); 47 U.S.C. §
   22 b)(3); 47 C.F.R. § 64.1200(a)(2); New York GBS. Law § 349, § 380-b; § 399-p, and
   sup lemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1331, and 28
   U.S C. § 1337, 28 U.S.C. § 1367, 28 U.S.C. § 2201.

2. Thi court has jurisdiction as the Plaintiff resides in the County of Orange State of New York,
   and he acts complained of herein occurred in this County, and the Defendant is being corporate
   in ew York and transacts business here.

3. This court has jurisdiction because the Defendant violated New York General Business Law § 3 9, § 380-b, § 399-p, as the Defendant's acts in this county gave rise to the causes of action ass ted herein.

4. This court has jurisdiction pursuant to New York General Business Law § 349, § 380-b, § 3 9-p, because the Defendant caused injury to Plaintiff, within the State of New York, while it wa engaged in service activities in obtaining consumer information from reporting agencies.

5. Ve ue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391b(1), in that the laintiff resides here, the Defendant transacts business here, and the conduct complained of occ rred here.

## PARTIES

6. The Plaintiff, Joel Greenfeld, is an individual that resides in the County of Orange State of New Yo , and is a consumer as the term is defined by FCRA 15 U.S.C. § 1681a(c); and by FDCPA, 15 .S.C. § 1692a(3).

7. Up 1 information and belief The Defendant, ZWICKER & ASSOCIATES, P.C., is a Foreign Pro ssional Corporation with its principle place of business at 80 Minuteman Road, Andover, M/ 01810.

8. At l times of this complaint the Defendant acts as debt collector with respect to the collection of alleged debt as defined by FDCPA 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though full stated herein.

10. Pla tiff obtained his consumer credit reports from the three credit reporting agencies and found ent es by entities that were unfamiliar to him within his credit reports.

2

11. Plaintiff found after examination of his Experian consumer credit report that the Defendant had obtained his Experian credit report without a permissible purpose on the following dates: November 4, 2011, April 5, 2012, April 5, 2012, and on April 6, 2012.

12. Plaintiff found after examination of his Trans Union consumer credit report that the Defendant had obtained his Trans Union credit report without a permissible purpose on the following dates: November 4, 2011.

13. At no time did the Plaintiff grant to Defendant consent to obtain his credit report from any credit reporting agency, nor does the Plaintiff have any kind of relationship with the Defendant as defined under FCRA § 1681b(3)(A)-(E).

14. From around December 2011, thru August 2012, the Plaintiff received 79 phone calls on his cellular phone number ending in (XXX-XXX-7747) from the Defendant's phone (800-594-732 ), and from (978-686-2255) using an automatic telephone dialing system (ATDS) with artificial pre-recorded voices seeking to collect an alleged debt.

15. Each time when the Plaintiff answered the Defendant's call he was met with "dead-air" until such time as one of the Defendant's debt collection representatives picked up the line and asked about an alleged debt.

16. Plaintiff has no prior or present established business relationship with the Defendant within the meaning of 47 U.S.C. § 227 and Plaintiff has never given the Defendant "express written permission" to call his cellular phone.

17. On November 20, 2012, Plaintiff mailed a letter to the Defendant via Certified mail # 7012 1010 0000 5808 9922, and requested a general or specific certification as to what permissible purpose they may have had when they obtained the Plaintiff's credit reports, to prove and validate everything that they are claiming, and also to show the Plaintiff's "express written permission"

to call his cellular phone.

18. Upon Plaintiff's request the Defendant failed/refused to provide the evidence that the Plaintiff requested, based on information and belief, Defendant did not had a lawful purpose for requesting, and obtaining, and using the Plaintiff's consumer credit report on the dates listed in # 12, and in # 13, and also failed/refused to provide the Plaintiff's "express written permission" to call his cellular phone.

19. Discovery of the violations brought forth herein are within the statute of limitations as defined by FCRA, 15 U.S.C. § 1681p(1); FDCPA, 15 U.S.C. § 1692; and TCPA, 47 U.S.C. § 227 *et seq.*

20. On February 6, 2013, Plaintiff mailed a Notice of Pending Lawsuit to Defendant via US Certified Mail # 7011 0110 0000 9178 5603, this was an effort to mitigate damages and reach a settlement for their violations before taking civil action against the Defendant and to spare judicial resources.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Experian and Trans Union are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

23. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

24. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

25. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer

makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

26. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's consumer credit report as defined by the FCRA.

27. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on November 4, 2011, with no permissible purpose was a willful act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

28. The Defendant's failure to comply with the Fair Credit Reporting Act (FCRA) when they obtained and used Plaintiff's Experian consumer credit report on November 4, 2011, was willful and intentional as contemplated under 15 U.S.C. § 1681n.

29. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

30. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

31. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

32. On its own authority, and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Experian consumer credit report.

33. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit line.

5

34. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the
    Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b
    and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory
    damages pursuant to 15 U.S.C. § 1681n(a).

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE**
**BY DEFENDANT ZWICKER & ASSOCIATES, P.C.**

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though
    fully stated herein.

36. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on April 5,
    201, a second time with no permissible purpose was a willful act and a clear violation of the
    Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

37. There was no account that the Defendant had any right to collect to have had permissible
    purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

38. At no time has Defendant ever indicated what possible justification they may have had for
    obtaining Plaintiff's credit report.

39. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose
    before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

40. On its own authority, and without the permission and consent of the Plaintiff to do so, the
    Defendant obtained Plaintiff's Experian consumer credit report.

41. As result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of
    credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit
    line.

42. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

**COUNT III**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE**
**BY DEFENDANT ZWICKER & ASSOCIATES, P.C.**

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on April 5, 201, a third time with no permissible purpose was a willful act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

45. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

46. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

47. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

48. On its own authority, and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Experian consumer credit report.

49. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

50. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on April 6, 201 , a fourth time with no permissible purpose was a willful act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

53. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

54. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

55. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

56. On its own authority, and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Experian consumer credit report.

57. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

58. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT V
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

59. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Defendant's action in obtaining the Plaintiff's Trans Union consumer credit report on November 4, 2011, a fifth time with no permissible purpose was a willful act and a clear violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

61. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

62. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

63. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

64. On its own authority, and without the permission and consent of the Plaintiff to do so, the Defendant obtained Plaintiff's Trans Union consumer credit report.

65. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, credit denials, lowering of credit lines.

66. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the

9

Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b

and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory

damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT VI
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

67. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

full stated herein.

68. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on the dates

list l in # 12, with no permissible purpose was a negligent violation of Fair Credit Reporting Act

(FCRA) 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681o.

## COUNT VII
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

69. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

full stated herein.

70. The Defendant's action in obtaining the Plaintiff's Trans Union consumer credit report on the

dat listed in # 13, with no permissible purpose was a negligent violation of Fair Credit

Reporting Act (FCRA) 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C.

§ 1 81o.

## COUNT VIII
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

71. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

full  stated herein.

72. Defendant is working on behalf of some debt collectors within the meaning of FDCPA, 15
     U.S C. 1692a(6).

73. The Defendant willfully violated 15 U.S.C. § 1692e(10) The use of any false representation or
     deceptive means to collect or attempt to collect any debt or to obtain information concerning a
     consumer.

74. By obtaining the Plaintiff's credit report on the dates listed in # 12 and # 13, for no purpose,
     where no underlying transaction ever took place between Plaintiff and the unknown Defendant,
     in direct violation of 15 U.S.C. § 1692e(10).

75. Defendant knew or should have known that performing multiple inquiries into the Plaintiff's
     credit report without the prior authorization of the Plaintiff is a direct violation of 15 U.S.C. §
     1692e(10) as no business relationship exists between the Plaintiff and unknown Defendant.

76. The Federal Trade Commission amended the Fair Debt Collection Practices Act by Public Law
     104-208, 110 Stat. 3009 Title VIII Section § 807. False or misleading representations 15 USC
     1692e (10). The use of any false representation or deceptive means to collect or attempt to
     collect any debt or to obtain information concerning a consumer.

77. The Defendant also willfully violated 15 U.S.C. § 1692d(5) Causing the Plaintiff's telephone to
     ring from December 2011, thru August 2012, and engaging in telephone conversation
     repeatedly or continuously with intent to annoy, abuse, or harass any person at the called
     number.

78. The Defendant's actions in calling the Plaintiff 79 times further violated his rights pursuant to
     (FDCPA) 15 U.S.C. § 1692d, Harassment and Abuse and § 1692d(5).

## COUNT IX
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## (TCPA) 47 U.S.C. § 227 BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

79. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though full stated herein.

80. The Defendant has demonstrated a willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system (ATDS) with artificial pre-recorded voices to call 79 times the Plaintiff's line which is assigned to a cellular phone and is not permitted under any provision of the aforementioned statute.

81. The foregoing acts and omissions that the Defendant has committed constitutes 79 separate violations of 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2).

82. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

83. The Plaintiff has never given the Defendant "express written permission" to call his cellular phone therefore Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT X
## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349, § 380-B,
## § 399-P, ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS
## BY DEFENDANT ZWICKER & ASSOCIATES, P.C.

84. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though full stated herein.

85. Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business trade or commerce or in the furnishings of any service in this state of New York are hereby declared unlawful.

86. As direct and proximate result of the Defendant's deceptive acts and practices, in violation of General Business Law § 349, Article 25 - § 380-b, Plaintiff was damaged in that, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

87. Under New York General Business Law Article 25 - § 380-b, Permissible dissemination the consumer reporting agency may furnish a consumer report under the following circumstances and no other.

88. In accordance with the written instructions of the consumer to whom it relates, or to a person whom it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit.

89. Under New York General Business Law Article 25 - § 380-O; Obtaining or introducing information under false pretenses penalty: 1. Any person who knowingly and willfully obtains information concerning a consumer from a consumer reporting agency under false pretenses shall, upon conviction, be fined not more than **Five thousand dollars** or imprisoned not more than one year, or both, 2. Any person who knowingly and willfully introduces, attempts to introduce or causes to be introduced, false information into a consumer reporting agency's files for the purpose of wrongfully damaging or wrongfully enhancing the credit information of any individual shall, upon conviction, be fined not more than **Five thousand dollars** or imprisoned not more than one year, or both.

90. Section § 380-M: Civil liability for negligent noncompliance Any consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article, other than a violation of section 380-T of this article, with respect to any consumer is liable to that consumer in an amount equal to the sum of: (b) In the case of any

successful action to enforce any liability under this section, the costs of the action together with

reasonable attorney's fees as determined by the court.

91. The Defendant's action is also in violation of the New York General Business Law Article 26 §

399 p 1(a) "automatic dialing-device" means any automatic equipment which has storage

capability of telephone numbers to be called and is used, working alone or in conjunction with

other equipment, to disseminate a pre-recorded message even if a call is made manually that it

is still a violation if the call is made with (ATDS) equipment which would be the case with the

Defendant's action even if they were made manually which is very much in doubt.

92. The TCPA prohibits calls using an artificial or recorded voice or placed with an auto dialer

("robocalls") to "any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service for

which the called party is charged for the call" without the express consent of the "called party."

93. This prohibition is not limited to telemarketing calls; debt collection calls are covered. The FCC

has expressly rejected the argument that debt collection calls are not covered. CG Docket No.

02-278, Release number FCC 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg.

(P & F) 877 (Jan. 4, 2008) ("ACA Declaratory Ruling").

94. Article 29-H Fair Debt Collection Practices Act 601. Prohibited Practices. 2. No Debt

Collector or Creditor shall oppress, harass or abuse any person in connection with the collection

of a debt or the attempt to collect a debt. This includes but is not limited to the following

activities: D. Causing a telephone to ring repeatedly or continuously in a manner that can

reasonably be expected to annoy, harass or needlessly disturb any person.

95. Th  Plaintiff received 79 calls on his cellular phone from Defendant on repeated occasions

see  ng to collect an alleged debt, the Plaintiff has suffered and continues to suffer actual

dan  ges as a result of foregoing acts and practices, including damages associated with, among

oth   things humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment

cau   :d by the Defendant.

## PRAYER FOR RELIEF

"**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor

ag:  nst Defendant as follows:"

1.   tatutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o;

2.   tatutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.   tatutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4.   tatutory damages pursuant to 47 C.F.R. § 64.1200(a)(2)

5.   tatutory and actual damages, trebled, pursuant to Article 25 § 380-o and NY GBL § 349;

6.   ıny Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);

7.   hat Plaintiff recovers such other and further relief as is just and proper.


Dated: June 27, 2013                    Respectfully Submitted,


By:   /s/   Joel Greenfeld
        Joel Greenfeld
        4 Taitch Ct. Unit 301
        Monroe, NY 10950
        jlgd548266@gmail.com

15

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK   )
                          ) ss
COUNTY OF ORANGE   )

Plaintiff, Joel Greenfeld, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the foregoing Verified Amended Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Amended Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Amended Complaint.

5. I have filed this civil Amended Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Joel Greenfeld, hereby declare that the foregoing is true and correct.

Dated: June 27, 2013

By: __/s/  Joel Greenfeld__
       Joel Greenfeld
       4 Taitch Ct. Unit 301
       Monroe, NY 10950
       jlgd548266@gmail.com

## CERTIFICATION & AFFIRMATION OF SERVICE

I, Joel Greenfeld, hereby certify and declare that a true and correct copy of the above and foregoing Amended complaint was mailed on June 27, 2013, thru the U.S. Certified Mail to the parties listed below.


Robert V. Thuotte, Esq.
Executive Vice President / Corporate Counsel
Zwicker & Associates P.C. Attorneys at Law
80 Minuteman Road
Andover, MA 01810                          Dated: June 27,  2013
Certified Receipt # 7012 1010 0003 5809 5817


                                   By:   /s/   Joel Greenfeld
                                          Joel Greenfeld

# EXHIBIT A

# 15 U.S.C 1681b. Permissible purposes of consumer reports...

**(a) In general**
Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

TITLE 1  > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account" means a demand deposit, savings deposit, or other asset account (other than an** occasional or incidental credit balance in an open credit plan as defined in section **1602 (i)** of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; **This seems to describe credit cards and home equity loans....don't you agree?**

TITLE 1  > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602
Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

# EXHIBIT B

## PERMISSIBLE PURPOSE CLAIMS 15 U.S.C. § 1681b(a)(3)(A)

1. Debt collection agencies often claim they "had permissible purpose" to obtain a copy of the credit report as a matter of law by reason of 15 U.S.C. § 1681b(a)(3)(A) which states:

   a. **any consumer reporting agency** may furnish a consumer report under the following circumstances and no other:  To a person which it has reason to believe...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer;**...(emphasis added).

2. 15 U.S.C. § 1681b(a)(3)(A) refers to the **consumer reporting agency** and **its reason to believe** the person making the request for the consumer report "*intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.*" 15 U.S.C. § 1681b(a)(3)(A) **does not refer to an entity claiming to have a permissible purpose** when in truth it is not authorized to collect an alleged account on behalf of the actual creditor.

3. It does not refer to a third party with whom there has never been any extension of credit, contractual obligation and or agreement with the consumer. It does not refer to any third party which has not provided any factual claim to having been "retained" by an actual creditor who may or may not have been involved with a consumer Under 15 U.S.C. 1681b(a)(3)(A) the Credit Reporting Agency must have had certification from the **user,**

(debt collector) as to its intended **use** which must fall under the list of permissible purposes, before providing Plaintiff's credit report. Collectors often cite *Pintos v Pacific Creditors Association*, No. 04-17485 (April 30, 2009) by taking it out of context.

4.  The court held that debt collection does **not necessarily** constitute a permissible purpose under the FCRA to obtain a consumer's credit report... The majority's distinction in Pintos was between obtaining a credit report in the process of collection of a judgment (permissible in the eyes of the majority), and obtaining a credit report in the collection of an account before there was a judgment (not permissible according to the majority).

5.  In its findings the court in Pintos also relied on (*Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991)*... The court without discussion, concluded that the Defendant couldn't rely on 1681b(a)(3)(A) because it did not use the credit information in connection with a credit transaction involving the consumer.)

6.  Under 15 U.S.C. § 1681e(a), the procedures for certification to the Credit Reporting Agency in regard to obtaining an individual's credit report are; "These procedures shall require that prospective **users** of the information identity themselves, **certify** the **purposes** for which the information is sought, and certify that the information will be used **for no other purpose**."

7.  A good explanation of the required procedures under Section 607, [15 U.S.C. § 1681e, and the reason they are so often violated can be found here;

    a.  http://fcralawyer.blogspot.com/2009/11/part-1-of-explanation-of-15-usc-1681e.html [This section requires the credit bureaus to have reasonable procedures to prevent impermissible accesses to consumers' credit reports. Unfortunately, the CRAs procedures are not that good. Other than the initial investigation of a new user before

2

the CRA will start selling reports to it, the CRAs only require a "certification" that the user is getting the credit report for a permissible purpose. The problem is that the user can "certify" any reason it wants that is permissible whether it's really the reason why it's getting the credit report or not. Only after the user gets caught will the CRA be on notice that the user is not on the up and up, which then causes the last sentence of 1681e(a) to kick in.]

b.   This would certainly explain why, when consumers dispute inquiries found on their credit   reports to the credit reporting agencies the inquiries suddenly disappear from the credit report in question without explanation.

# RESTRICTIONS ON USE OF TELEPHONE EQUIPMENT CLAIMS
## 47 USC § 227(b)(1)(A)(iii)

**(b) Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

3