UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOEL GREENFELD,

        Plaintiff

v.

ZWICKER & ASSOCIATES, P.C.,

        Defendant

---

Case No.: 7:13-cv-1488-VB

## ANSWER TO AMENDED COMPLAINT

### Introduction

Defendant Zwicker & Associates, P.C. ("Zwicker") hereby responds to the Amended Complaint filed by Plaintiff Joel Greenfeld ("Greenfeld"). Preliminarily, Zwicker states that Greenfeld's claim under the Fair Credit Reporting Act, 16 U.S.C. § 1681, *et seq.,* ("FCRA") that Zwicker obtained his credit report without a "permissible purpose" as defined under that statute is frivolous, includes factual assertions that are demonstrably false and otherwise is presented in an intentionally misleading manner. In that regard, the Amended Complaint, a needlessly lengthy and repetitive document, repeatedly makes no mention in numerous paragraphs referencing FCRA that the statute specifically provides that consumers' credit reports may be released to a party who is engaged in the collection of the consumer's account, *see,* 16 U.S.C. § 1681b(a)(3)(A)—exactly the purpose for which Zwicker, a collection law firm, obtained Greenfeld's report on behalf of Zwicker's client the credit card company which had issued his credit card.

1

<u>First Defense</u>

Zwicker responds as follows to the individually-numbered paragraphs of the Amended Complaint by means of the numbered paragraphs below corresponding to those in the Amended Complaint:

No response is necessary to the introductory paragraph of Greenfeld's Amended Complaint. To the extent this paragraph intended to allege violations of law by Zwicker, Zwicker denies the allegations.

1. Zwicker admits that this Court has jurisdiction over this matter.

2. Zwicker admits that this Court has jurisdiction over this matter. Zwicker admits that Greenfeld, at all relevant times, resided in Orange County, New York and that Zwicker transacts business in New York. Zwicker denies that the "acts" that give rise to this action occurred in Orange County, New York insofar as the word "acts" is intended to allege any violations of law by Zwicker. Zwicker can neither admit nor deny whether Zwicker "is being corporate in New York" because this allegation is unintelligible.

3. Zwicker admits that this Court has jurisdiction over this matter, but denies that it violated New York law. Zwicker denies that the "acts" that give rise to this action occurred in Orange County, New York insofar as the word "acts" is intended to allege any violations of law by Zwicker.

4. Zwicker admits that this Court has jurisdiction over this matter, but denies that Zwicker caused any injury to Greenfeld.

5. Zwicker agrees that venue is proper in this Court, but denies that the "conduct complained of" that gives rise to this action occurred in Orange County, New York insofar as the words "conduct complained of" are intended to allege any violations of law by Zwicker.

6. Zwicker admits that Greenfeld, at all relevant times, resided in Orange County, New York and is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq.* ("FCRA"). Zwicker can neither admit nor deny Greenfeld's status as a "consumer" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3) because Zwicker is unaware of the purposes for which the indebtedness in question was incurred.

7. Zwicker admits that it is a debt collection law firm and professional corporation organized under the laws of Massachusetts with a principal place of business located at 80 Minuteman Road, Andover, Massachusetts, 01810.

8. Zwicker can neither admit nor deny the allegations contained in this paragraph because Zwicker is unaware of the purposes for which the indebtedness in question was incurred.

9. Zwicker incorporates by reference its responses to paragraphs 1 through 8 above as if fully set forth herein.

10. Zwicker can neither admit nor deny the allegations contained in this paragraph because the allegations are not addressed to Zwicker.

11. Zwicker admits that it obtained Greenfeld's credit report from consumer reporting agencies in early November 2011, just after Greenfeld's account was placed with Zwicker for collection by Zwicker's client, the original creditor. Zwicker denies that it obtained credit report information for Greenfeld on April 5, 2012 and April 6, 2012, subject to Zwicker receiving confirmation from the consumer reporting agency. Further answering, Zwicker states that whether it obtained Greenfeld's credit report once or more than once, when Zwicker obtained his credit report Zwicker did so for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

12. Zwicker denies the allegations contained in this paragraph. Zwicker admits that it obtained Greenfeld's credit report from credit reporting agencies in early November 2011, just after Greenfeld's account was placed with Zwicker for collection by Zwicker's client, an original creditor. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

13. Zwicker admits that it did not obtain Greenfeld's consent before obtaining his credit report. Zwicker denies that it was required to obtain Greenfeld's consent in order to obtain his credit report and denies the remaining allegations contained in this paragraph.

14. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that each time Zwicker called the telephone number ending in "7747" referenced in this paragraph of the Complaint, Zwicker personnel dialed the number manually.

15. Zwicker denies the allegations contained in this paragraph.

16. Zwicker admits that Greenfeld has not given Zwicker "express written permission" to call Greenfeld's cellular telephone, but Zwicker denies that it needed such permission. Zwicker admits that Zwicker did not have a prior or present "established business relationship" with Greenfeld as defined by 47 U.S.C. § 227(a)(2). Further answering, Zwicker states that the term "established business relationship" as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") is inapplicable to the present case because the TCPA limits the use of the definition of an "established business relationship" to 27 U.S.C. § 227(b)(1)(C)(i) which relates to unsolicited advertisements received via telephone facsimile machine.

17. Zwicker is unable to admit or deny the date on which Greenfeld alleges that he mailed the referenced letter. Zwicker admits that it received a letter from Greenfeld dated November 20, 2012 and states that the letter speaks for itself. Zwicker denies all remaining and inconsistent allegations contained in this paragraph.

18. Zwicker denies that it failed to respond to Greenfeld's November 20, 2012 letter and denies that it did not have a permissible purpose to obtain Greenfeld's credit report. Zwicker admits that it did not provide to Greenfeld Greenfeld's "express written permission" to call Greenfeld's cellular telephone, but Zwicker denies that Greenfeld's November 20, 2012 letter made such a request. Further answering, Zwicker states that it sent a letter to Greenfeld on December 6, 2012, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

19. Zwicker denies the allegations contained in this paragraph.

20. Zwicker admits that it received a Notice of Pending Lawsuit from Greenfeld dated February 6, 2013, and states that the letter speaks for itself. Zwicker denies all remaining allegations and all inconsistent allegations contained in this paragraph. Further answering, Zwicker states that it sent a letter to Greenfeld on March 5, 2013, again explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

21. Zwicker incorporates by reference its responses to paragraphs 1 through 20 above as if fully set forth herein.

22. Zwicker denies the allegations contained in this paragraph on the basis that FCRA refers to "consumer reporting agencies," not "credit reporting agencies."

23. This paragraph requires no response as it refers to a definition set forth in FCRA, the language of which speaks for itself.

24. This paragraph requires no response as it refers to language set forth in FCRA, which speaks for itself.

25. No response is required to this paragraph as it purports to summarize language contained in FCRA, which speaks for itself. Further answering, Zwicker states that Greenfeld has omitted from the list of permissible purposes set forth in this paragraph the specific permissible purpose for which Zwicker obtained Greenfeld's credit report—in connection with the collection of Greenfeld's account. *See*, 15 U.S.C. § 1681b(3)(A). Zwicker submits that such omission is intentional and amounts to an attempt to mislead the Court

26. Zwicker admits that allegations contained in the first three lines of this paragraph but denies that Zwicker did not have a permissible purpose to obtain Greenfeld's credit report. Further answering, Zwicker states that Greenfeld has omitted from the list of permissible purposes set forth in this paragraph the specific permissible purpose for which Zwicker obtained Greenfeld's credit report—in connection with the collection of Greenfeld's account. *See*, 15 U.S.C. § 1681b(3)(A).

27. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

28. Zwicker denies the allegations contained in this paragraph.

29. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Greenfeld's credit card account was placed with Zwicker by Zwicker's client, an original creditor, to collect a debt owed by Greenfeld to Zwicker's client and that Zwicker obtained Greenfeld's credit report in connection with the collection of Greenfeld's credit card account, an expressly "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A).

30. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it sent two letters to Greenfeld, on December 6, 2012 and on March 5, 2013, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

31. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

32. Zwicker admits that it obtained Greenfeld's credit report without the permission and consent of Greenfeld, but Zwicker denies that it needed Greenfeld's permission or consent to do so. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

33. Zwicker denies the allegations contained in this paragraph.

34. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

35. Zwicker incorporates by reference its responses to paragraphs 1 through 34 above as if fully set forth herein.

36. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

37. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Greenfeld's credit card account was placed with Zwicker by Zwicker's client, an original creditor, to collect a debt owed by Greenfeld to Zwicker's client and that Zwicker obtained Greenfeld's credit report in connection with the collection of Greenfeld's credit card account, an expressly "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A).

38. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it sent two letters to Greenfeld, on December 6, 2012 and on March 5, 2013, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

39. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

40. Zwicker admits that it obtained Greenfeld's credit report without the permission and consent of Greenfeld, but Zwicker denies that it needed Greenfeld's permission or consent to do so. Further answering, Zwicker states that it obtained Greenfeld's credit report for a

"permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

41. Zwicker denies the allegations contained in this paragraph.

42. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

43. Zwicker incorporates by reference its responses to paragraphs 1 through 42 above as if fully set forth herein.

44. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

45. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Greenfeld's credit card account was placed with Zwicker by Zwicker's client, an original creditor, to collect a debt owed by Greenfeld to Zwicker's client and that Zwicker obtained Greenfeld's credit report in connection with the collection of Greenfeld's credit card account, an expressly "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A).

46. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it sent two letters to Greenfeld, on December 6, 2012 and on March 5, 2013, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

47. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

48. Zwicker admits that it obtained Greenfeld's credit report without the permission and consent of Greenfeld, but Zwicker denies that it needed Greenfeld's permission or consent to do so. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

49. Zwicker denies the allegations contained in this paragraph.

50. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

51. Zwicker incorporates by reference its responses to paragraphs 1 through 50 above as if fully set forth herein.

52. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

53. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Greenfeld's credit card account was placed with Zwicker by Zwicker's client, an original creditor, to collect a debt owed by Greenfeld to Zwicker's client and that Zwicker

obtained Greenfeld's credit report in connection with the collection of Greenfeld's credit card account, an expressly "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A).

54. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it sent two letters to Greenfeld, on December 6, 2012 and on March 5, 2013, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

55. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

56. Zwicker admits that it obtained Greenfeld's credit report without the permission and consent of Greenfeld, but Zwicker denies that it needed Greenfeld's permission or consent to do so. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

57. Zwicker denies the allegations contained in this paragraph.

58. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

59. Zwicker incorporates by reference its responses to paragraphs 1 through 58 above as if fully set forth herein.

60. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

61. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that Greenfeld's credit card account was placed with Zwicker by Zwicker's client, an original creditor, to collect a debt owed by Greenfeld to Zwicker's client and that Zwicker obtained Greenfeld's credit report in connection with the collection of Greenfeld's credit card account, an expressly "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A).

62. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it sent two letters to Greenfeld, on December 6, 2012 and on March 5, 2013, explaining that Zwicker obtained Greenfeld's credit report for a "purpose expressly permitted under the Fair Credit Reporting Act, specifically in connection with this firm's collection of your American Express account. See 15 U.S.C. § 1681b(a)(3)(A)."

63. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

64. Zwicker admits that it obtained Greenfeld's credit report without the permission and consent of Greenfeld, but Zwicker denies that it needed Greenfeld's permission or consent to do so. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

65. Zwicker denies the allegations contained in this paragraph.

66. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

67. Zwicker incorporates by reference its responses to paragraphs 1 through 66 above as if fully set forth herein.

68. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

69. Zwicker incorporates by reference its responses to paragraphs 1 through 68 above as if fully set forth herein.

70. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

71. Zwicker incorporates by reference its responses to paragraphs 1 through 70 above as if full set forth herein.

72. Zwicker denies the allegations contained in this paragraph.

73. Zwicker denies the allegations contained in this paragraph.

74. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that it obtained Greenfeld's credit report for a "permissible purpose" as defined

under 15 U.S.C. § 1681b(a)(3)(A), i.e., in connection with the collection of Greenfeld's credit card account.

75. Zwicker denies the allegations contained in this paragraph.

76. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

77. Zwicker denies the allegations contained in this paragraph.

78. Zwicker denies the allegations contained in this paragraph.

79. Zwicker incorporates by reference its responses to paragraphs 1 through 78 above as if fully set forth herein.

80. Zwicker denies the allegations contained in this paragraph.

81. Zwicker denies the allegations contained in this paragraph.

82. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

83. Zwicker admits that Greenfeld has not given Zwicker "express written permission" to call Greenfeld's cellular telephone, but denies that Zwicker needed Greenfeld's "express written permission" to do so. Zwicker denies all remaining allegations contained in this paragraph.

84. Zwicker incorporates by reference its responses to paragraphs 1 through 83 above as if fully set forth herein.

85. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

86. Zwicker denies the allegations contained in this paragraph.

87. No response is required to this paragraph as it is incomprehensible. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

88. No response is required to this paragraph as it is incomprehensible. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

89. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

90. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

91. Zwicker denies the allegations contained in this paragraph.

92. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

93. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

94. No response is required to this paragraph as it calls for a legal conclusion. To the extent this paragraph is intended to allege a violation of law or wrongdoing by Zwicker, Zwicker denies the allegation.

95. Zwicker denies the allegations contained in this paragraph.

Responding to Greenfeld's prayer for relief, Zwicker states that Greenfeld is not entitled to any judgment, damages, costs, attorney's fees or any other relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Portions of Greenfeld's Amended Complaint fail to state a claim upon which relief may be granted.

2. Greenfeld's claim that Zwicker obtained his credit report without a "permissible purpose" as defined under FCRA violates Fed. R. Civ. P. 11.

3. Zwicker denies that Greenfeld has sustained any actual damages; if Greenfeld does have any actual damages, however, such damages are subject to the defense of failure to mitigate.

4. Zwicker asserts that Greenfeld should be denied any statutory damages.

5. Zwicker asserts that an award of statutory damages in the absence of actual damages would be a denial of Zwicker's right to due process under the Constitution of the United States of America.

6. If Greenfeld has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Greenfeld or by other persons for whose conduct Zwicker is not responsible.

7.        Zwicker denies that it is a consumer reporting agency and denies that a party who has obtained a credit report for a consumer can be found liable for doing so under 15 U.S.C. § 1681b.

WHEREFORE, Defendant Zwicker & Associates, P.C respectfully requests that the Plaintiff take nothing in this suit and that this Court

1.        Enter judgment in Zwicker's favor as to all of Greenfeld's claims; and

2.        Award Zwicker such other and further relief as this Court may deem just and proper.

 

Respectfully submitted,

ZWICKER & ASSOCIATES, P.C.

By its attorneys,

/s/Robert W. Thuotte
Robert W. Thuotte, Esq, MA #497490
*Pro hac vice*
Zwicker & Associates, P.C.
80 Minuteman Road
Andover, MA 01810
Tel. 866-367-9942 ext. 3112#
Fax 978-686-6831
rthuotte@zwickerpc.com

Dated:  July 15, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2013, I caused the foregoing document to be electronically filed with the Clerk of the District Court using the CM/ECF system. I also certify that I have caused the attached document to be forwarded by United States Mail, postage prepaid, to Joel Greenfeld, 4 Taitch Ct, #301, Monroe, NY 10950, who I understand is not a registered participant for the CM/ECF system.

/s/Robert W. Thuotte
Robert W. Thuotte, Esq.